# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH A. GIBILTERRA,<br><br>        Plaintiff,<br><br>v.<br><br>AURORA LOAN SERVICES, LLC, et al.,<br><br>        Defendants. | 2:12-CV-685 JCM (VCF) |

## ORDER

Presently before the court is plaintiff Joseph A. Gibilterra's motion to remand. (Doc. #9). Defendant Quality Loan Servicing Corporation ("Quality") has filed an opposition (doc. #10), to which Mr. Gibilterra has replied (doc. #9).

Also before the court is Mr. Gibilterra's motion for a temporary restraining order. (Doc. #13). Quality has filed an opposition. (Doc. #15).

The property at issue in this case is located at 4520 Vicki Avenue, Las Vegas, Nevada 89139. Doc. #1-1, Compl. at ¶ 1. Plaintiff purchased the property by executing a promissory note on March 3, 2004. *Id.* at ¶ 8. On March 9, 2007, plaintiff refinanced the loan in the principal amount of $800,000, executing a deed of trust in connection with the loan. *Id.* at ¶¶ 10-11; Doc. #1-1, Ex. 1. Quality recorded a notice of default and election to sell on February 18, 2009. Compl. at ¶ 12; Doc. #1-1, Ex. 2. Quality recorded a notice of trustee's sale on May 21, 2009. Compl. at ¶ 13. The property has not yet been sold. Quality removed this case to federal court on April 25, 2012. (Doc.

**James C. Mahan**
**U.S. District Judge**

#1).

**Motion to Remand**

The motion to remand asserts that this court should remand the case to state court because: (1) the parties should be realigned such that Quality is the plaintiff for purposes of removal, and (2) the $75,000 amount in controversy jurisdictional requirement has not been met.

Plaintiffs first argue that the court should realign the parties such that Quality is the plaintiff for purposes of removal. Pursuant to 28 U.S.C. § 1441(a), only defendants have the right to remove a case from state court to federal court. Thus, if the court realigns the parties, as the plaintiff Quality would not have the right to remove the case.

In support of their assertion that the court should realign the parties, plaintiffs cite several cases, including two United States Supreme Court cases: *Chicago, R.I & P.R. Co. v. Stude*, 346 U.S. 574 (1954) and *Mason City & Ft. D.R. Co. v. Boynton*, 204 U.S. 570 (1907). The court realigned the parties in those cases because the relevant state law classified the parties in a manner contrary to federal law; the court held that federal law determines the identities of the plaintiff and defendant for removal purposes. *See Stude*, 346 U.S. at 580.

The cases are inapposite. Here, plaintiffs instituted the case in state court. The complaint asks the court to enjoin any foreclosure and award damages and punitive damages. Thus, plaintiffs have acted as plaintiffs throughout the course of this case. It would be inappropriate to realign the parties, and the court declines to do so.

Second, plaintiffs argue that the $75,000 amount in controversy requirement has not been met. Specifically, plaintiffs note that the complaint only seeks recovery in excess of $10,000. Further, plaintiffs argue that the injunctive relief claims do "not amount to a monetary award."

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 841 (9th Cir. 2002). In this case, the loan at issue is for $800,000. Therefore, the amount in controversy requirement is met. Accordingly, the court declines to remand this case to state court.

**Motion for Temporary Restraining Order**

According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. The Supreme Court has stated that courts must consider the following factors in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008).

Mr. Gibilterra argues that he is likely to succeed in his lawsuit because MERS, as a mere nominee under the deed of trust, lacked the authority to assign the deed to Aurora. Further, Mr. Gibilterra argues that because the defendants failed to strictly comply with the notice requirements of NRS § 107, he is likely to prevail in this suit.

The court does not agree. First, Mr. Gibilterra's attack on MERS and the MERS system is without merit. Relying on *Leyva v. Nat'l Default Servicing Corp.*, 255 P.3d 1275 (Nev. 2011), Mr. Gibilterra argues that the nominal defendants must provide a signed writing from the original lender demonstrating a transfer of interest. Mr. Gibilterra does not, however, explain why the reasoning of the *Leyva* court is applicable to the facts of the instant case. In *Leyva* the court was not considering the requirements of non-judicial foreclosure, but instead determining the requirements of Nevada's foreclosure mediation program. Moreover, the Ninth Circuit has approved of the MERS system of assignments. *See Cervantes v. Countrywide Home Loans, Inc.*, – F.3d –, 2011 WL 3911031 (9th Cir. Sept. 7, 2011).

Furthermore, the version of § 107 in effect at the time the foreclosure at issue began, did not require strict compliance, as Mr. Gibilterra contends, but only substantial compliance. Thus, where there are immaterial or *de minimis* irregularities with the notice requirements of § 107, and a lack of prejudice to a borrower in default other than the loss of the property, courts will uphold the foreclosure. *See, Matter of Stanfield,* 6 B.R. 265 (Bankr. Ct. D. Nev. 1980); *and see, Knapp v.*

1  *Doherty* 20 Cal. Rptr.3d 1, 13-19, 2004 W.L. 209, 2002 (2004); *FPCI Re-Hab 01 v. E & G*
2  *Investments, Ltd.,* 207 Cal. App.3d 1018, 1022 (1989).

3        As to Mr. Gibilterra's argument that MERS was required to provide the original promissory note, this court has already held, on several occasions, that there is no such requirement. *See Byrd v. Meridian Foreclosure Service*, 2011 WL 1362135, *2 (D. Nev. April 8, 2011) ("The ever-expanding body of case law within this district holds that the Nevada law governing non judicial foreclosure, NEV. REV. STAT. § 107.080, does not require a lender to produce the original note as a prerequisite to nonjudicial foreclosure proceedings."); *see also Kemberling v. Ocwen Loan Servicing, LLC*, 2009 WL 5039495, *3 (D. Nev. Dec. 15, 2009) ("Defendants are not required to produce the original loan documents. Courts across the country have rejected claims by plaintiffs asserting a duty by the lender to provide the original note under the U.C.C. to prove its holder in due course status."); *Aguilar v. WMC Mortg. Corp.*, 2010 WL 185951, at *2 (D. Nev. Jan. 15, 2010) ("Nevada's foreclosure statute is comprehensive and does not require production of the original note.").

      Mr. Gibilterra's final argument, that MERS was not entitled to record the notice is similarly without merit. "Nothing prevents an authorized agent from recording a notice of default. Nor does Nevada law require a substitution of trustee be recorded prior to a notice of default." *Berilo v. HSBC Mortg. Corp., USA*, 09-0253, 2010 WL 2667218, *4 (D. Nev. June 29, 2010).

      Accordingly,

      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to remand (doc. #9) be, and the same hereby is, DENIED.

      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for a temporary restraining order (doc. #13) be, and the same hereby is, DENIED.

      DATED May 18, 2012.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**