1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOSEPH A. GIBILTERRA,

          Plaintiff,

v.

AURORA LOAN SERVICES, LLC, et al.,

          Defendants.

2:12-CV-685 JCM (VCF)

**ORDER**

Presently before the court is defendant Quality Loan Service Corporation's motion for summary judgment.  (Doc. # 26).  Pro se plaintiff has not filed a response in opposition and the deadline date for filing a response has expired.

**I.      Background**

Plaintiff is the former owner of real property located at 4520 Vicki Avenue in Las Vegas, Nevada.  Plaintiff purchased the property through the execution of a note, secured by a deed of trust, promising to repay the sum of $800,000 in monthly installments to Metrocities Mortgage, LLC ("Metro").  Plaintiff began to default on his loan beginning on November 1, 2008.

On February 19, 2009,  Mortgage Electronic Registration Systems, Inc. ("MERS") executed a substitution of trustee under the deed of trust and defendant Quality Loan Service Corporation ("Quality") became the trustee under the deed of trust.  The substitution was recorded on March 16, 2009. On the day the substitution occurred, February 19, 2009, Quality recorded a notice of default

**James C. Mahan**
**U.S. District Judge**

and election to sell.  MERS, as nominee under the deed of trust, assigned the deed of trust to defendant Aurora.  The assignment was recorded on December 22, 2010.

Quality recorded a notice of sale on September 14, 2011.  The subject property was sold at public auction on October 26, 2011.  Plaintiff filed this action in state court on April 6, 2012. Defendant Quality subsequently removed to this court.

## II.    Legal Standard

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case."  *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways:  (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial.  *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists.  *See Matsushita Elec. Indus. Co. v. Zenith*

James C. Mahan
U.S. District Judge

1  *Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing

2  party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

3  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions

4  of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th

5  Cir. 1987).

6       In other words, the nonmoving party cannot avoid summary judgment by relying solely on

7  conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045

8  (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the

9  pleadings and set forth specific facts by producing competent evidence that shows a genuine issue

10  for trial. *See Celotex Corp.*, 477 U.S. at 324.

11       At summary judgment, a court's function is not to weigh the evidence and determine the

12  truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*,

13  477 U.S. 242, 249 (1986).  The evidence of the nonmovant is "to be believed, and all justifiable

14  inferences are to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is

15  merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at

16  249–50.

17  **III.   Discussion**

18       Plaintiff's counsel withdrew from representing plaintiff after this court denied a motion for

19  a temporary restraining order.  Plaintiff has not filed a response to the motion for summary judgment.

20  Nevertheless, the court will address the causes of action in the complaint in turn.[1]

21       *A.      Nevada's Deceptive Trade Practices Act*

22       Plaintiff alleges that defendant Quality violated certain provisions of the Nevada Deceptive

23  Trade Practices Act, NRS chapter 598.  Under this act, a victim of consumer fraud must "prove that

24  (1) an act of consumer fraud by the defendant (2) caused (3) damage to the plaintiff." *Picus v. Wal-*

25  *Mart Stores, Inc.*, 256 F.R.D. 651, 658 (D. Nev. 2009).

26

27       [1] Plaintiff's second cause of action is so vague that the court cannot even discern the cause of action.  It is

28  dismissed.

James C. Mahan
U.S. District Judge

1    As a preliminary matter, NRS chapter 598 governs deceptive trade practices in the sale and

2    lease of consumer goods and services.  NRS 598 is not made expressly applicable in the context of

3    obtaining a home loan secured by real property or the foreclosure thereof.  *See Reyna v. Wells Fargo*

4    *Bank, N.A.*, no. 2:10-cv-01730-KJD-RJJ, 2011 WL 2690087, at *9 (D. Nev. July 11, 2011 ("N.R.S.

5    § 598 . . . applies only to goods and services and not to real estate loan transactions.); *Alexander v.*

6    *Aurora Loan Servs.*, no. 2:09-cv-1790-KJD-LRL, 2010 WL 2773796, at *2 (D. Nev. July 8, 2010)

7    ("Plaintiff's claim deals with the sale or lease of real property, not goods or services; therefore

8    [N.R.S. § 598] does not provide an avenue for relief to plaintiff."); *Parker v. Greenpoint Mortgage*

9    *Funding*, no. 3:11-cv-00039-ECR-RAM, at *2 (D. Nev. July 15, 2011 (N.R.S. § 598 "does not cover

10   a mortgage foreclosure").

11   Another court in this district recently dismissed these exact types of claims in a different case

12   by reasoning:

13   "Additionally, Plaintiffs claim that Defendants violated the Deceptive Trade Practices Act
     by fraudulently preparing or notarizing false documents to supplement the chain of
14   assignments regarding the Note and Deed of Trust.  However, these alleged actions do not
     state a claim under the Nevada Deceptive Trade Practices Act, because the assignments do
15   not relate to a consumer transaction.  The transaction occurred when Plaintiffs originally
     executed the Note and Deed of Trust.  The subsequent assignments while expressly allowed
16   by the Note and Deed of Trust, are not a continuing part of the past transaction."

17   *Viloria v. Premium Capital Funding LLC*, no. 2:12-cv-00406-KJD-PAL, 2012 WL 4361252, at *4

18   (D. Nev. Sep. 20, 2012).

19   Plaintiffs' claim here fails for the same reason–the assignments do not relate to a consumer

20   transaction.  The court grants summary judgment in favor of defendant Quality on the cause of action

21   for violations of NRS chapter 598.

22   B.    *Wrongful Foreclose*

23   "[T]he material issue of fact in a wrongful foreclosure claim is whether the [mortgagor] was

24   in default when the power of sale was exercised."  *Ernestberg v. Mortg. Investors Group*, no.2:08-

25   cv-01304-RCJ-RJJ, 2009 WL 160241, at *6 (D. Nev. Jan. 22, 2009) (quoting *Collins v. Union Fed.*

26   *Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983)).  The evidence demonstrated that plaintiff had

27   been in default for almost three years when the public auction occurred.  The court grants summary

28

**James C. Mahan**
**U.S. District Judge**

1  judgment in favor of defendant on this cause of action.

2     Accordingly,

3     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Quality's

4  motion for summary judgment (doc. # 26) be, and the same hereby, is GRANTED.

5     IT IS FURTHER ORDERED that defendant Quality shall submit an appropriate judgment

6  consistent with this order.

7     DATED August 6, 2013.

8

9     _____

10    **UNITED STATES DISTRICT JUDGE**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**